IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dr. David A. Belluck<br>2 Riverview Lane<br>Jamestown, North Dakota 58401<br><br>Plaintiff.<br><br>       v.<br><br>MARY E. PETERS,<br>Secretary of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, D.C. 20590<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an appeal from the Final Agency Decision on the Formal Discrimination Complaint filed by Plaintiff on June 28, 2006, issued November 13, 2007. This is an action to redress Defendant's repeated acts of disability discrimination directed against Plaintiff, including his removal from the federal service on November 26, 2007; for its refusal to comply with Plaintiff's many requests for accommodation under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. ("Act"); and for its acts of reprisal directed against Plaintiff. Defendant, a qualified disabled individual for purposes of the Act, was, at all times relevant for purposes of this Complaint, an employee of the Federal Highway Administration ("FHWA" or "Agency"), Washington, D.C.

## JURISDICTION

2. This court has jurisdiction under 28 U.S.C. § 1331 because this matter arises under the laws of the United States, under 28 U.S.C. § 1343(a)(4) for damages and equitable relief under an Act of Congress providing for the protection of civil rights, and under 42 U.S.C.

§§ 2000e-5(f)(3) for actions brought under the Civil Rights Act of 1964.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that he filed a timely EEO complaint with the Agency, and has filed this action within 90 days of his receipt, on November 14, 2007, of the Final Agency Decision on his complaint of discrimination filed against the FHWA, Department of Transportation Case Number 2006-20587-FHWA-02.

VENUE

4. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e) (1). Defendant is an agency of the United States with its principal headquarters in the District of Columbia.

PARTIES

5. Plaintiff, David A. Belluck, 2 Riverview Lane, Jamestown, North Dakota 58401, was employed as an Environmental Health Scientist by the FHWA, Planning Environment & Realty Division, 400 Seventh Street, S.W., Washington, D.C. 20590 from November 4, 2003 until November 26, 2007, and was an employee during the period of time covered by this Complaint. Defendant, Mary E. Peters, 1200 New Jersey Avenue, S.E., Washington, D.C. 20590, is the Secretary of Transportation.

FACTS

6. On or about January 18, 2006, Plaintiff informed Defendant that he was requesting an accommodation because of his disabilities. These include the following mental disabilities: Cyclothymic Disorder (DSM-IV 301.13); Acute Stress Disorder (DSM-IV 308.3), and Posttraumatic Stress Disorder ("PTSD") (DSM-IV 309.81). These include the following physical disabilities: Epstein Barr Virus and Mycoplasma infection. Defendant, having received written communications from Plaintiff's physicians,

telephoned Plaintiff's physicians for further information.

7. Plaintiff renewed his request for an accommodation on numerous occasions, both verbally and in writing, over the succeeding months.

8. Ms. Marchese participated in several meetings during which the Plaintiff informed Ms. Marchese of all of his illnesses and subsequent disabilities, the same information he had provided either in writing or via e-mails to FHWA human resources department personnel, his co-workers, supervisors and managers.

9. Plaintiff, via e-mail message to Ms. Marchese, asked what it was that she did not understand about the Plaintiff's medical problems. Rather than simply state that she minimally needed to understand how the Plaintiff's illnesses and disabilities limited major life activities of the Plaintiff, Ms. Marchese castigated the Plaintiff for asking such a question.

10. Dr. George J. Moore, Plaintiff's psychiatrist, in a letter dated February 20, 2006, informed the agency that Plaintiff suffers from depression, anxiety, and "symptoms of Acute Stress Disorder due to multiple severe stressors."

11. Dr. Moore, in a letter dated May 20, 2006, informed the agency that "I am treating [Plaintiff] for Cyclothymic Disorder (DSM-IV 301.13); Acute Stress Disorder (DSM-IV 308.3), and Posttraumatic Stress Disorder ("PTSD") (DSM-IV 309.81)." Dr. Moore also advised as follows:

> Due to a very high level of work related stress his medical psychiatric condition has exacerbated. In my medical psychiatric opinion, Mr. Belluck has been subjected to an extraordinary high level of work place stress. In my medical psychiatric opinion Mr. Belluck would be able to function at a high level of productivity, if his work place stress was at an average level. … In my medical psychiatric opinion, Mr. David Belluck's prognosis for gaining full remission from his stress induced medical psychiatric problems is excellent, if he can move to

the "detail" he is interested in . . . .

12. Thomas F. Tumicki, Jr., MSW, LCSW-C, Plaintiff's psychotherapist, in a letter dated January 5, 2007, addressed to Plaintiff, and delivered by Plaintiff to the agency, advised that his current diagnosis, "PTSD, anxiety, depression, and inability to concentrate have interfered with your ability to work." Further, "when I asked if your supervisor would make accommodations to help decrease your stress and anxiety at work, you had stated that this was rejected and no accommodation in the work place would be made."

13. Although the agency had been advised by Plaintiff and by his physicians throughout 2006 of his symptoms, Mr. Tumicki's January 5, 2007 letter put the agency on notice that Plaintiff's symptoms significantly affected his major life activities of ability to concentrate and ability to work. The agency in addition observed that Plaintiff was often unable to stay awake at work, which exacerbated his inability to concentrate and to work.

14. Dr. Barbra Faires Burkett, another of Plaintiff's physicians, in a letter to Ms. Gloria Shepherd, FHWA, dated June 4, 2007, informed the agency that Plaintiff had been diagnosed with Epstein Barr Virus, as well as mycloplasma infection, and numerous bacterial infections, and that these chronic recurrent infections have led to a condition of chronic fatigue, arthralgina and depression.

15. Plaintiff's physician asked the Plaintiff to contact Ms. Marchese and request the standard government reporting forms used when federal agency managers require additional information concerning an employee's illness and/or disability. Plaintiff, on numerous occasions, requested such forms from Ms. Marchese, who repeatedly stated that no such forms exist, when in fact they do and are routinely used in the Federal

Government for requesting additional information in such cases as FMLA and other leave requests.

16. The Plaintiff sought the following accommodations from the agency:

    a. Teleworking;

    b. A reduced work schedule;

    c. Change in supervisor (Mr. Mike Savonis) to reduce stress;

    d. A detail outside the office to other federal agencies who offered such opportunities to the Plaintiff;

    e. Provision of a lap top computer, to facilitate work from home.

    f. Government credit card to pay for long distance calls necessary for him to contact persons relevant to his work assignments.

All these repeated requests for accommodation were denied. With the requested accommodations, Plaintiff would have been able to perform the essential functions of his position, without undue hardship to the agency.

17. The Agency perceived the Plaintiff as disabled and treated him as such. During the period of time April, 2006 until May, 2007, the agency provided Plaintiff with approximately one year of leave without pay ("LWOP"). Plaintiff received a formal notification from FHWA that he had been on 365 days of LWOP during the period in question. This was a document generated via the normal business practices of the Agency and, as such, constitutes independent evidence that Plaintiff was on LWOP rather than AWOL.

18. While on approved LWOP status, and while aware of the nature and seriousness of Plaintiff's illness/disability, the agency created a hostile work environment, based on

disability, by, among other things, forcing Plaintiff's return to the workplace, and harassing him once he arrived there.

19. Ms. Cindy Burbank referred to Plaintiff as "crazy."

20. Plaintiff's initial EEO counseling on this matter occurred on May 16, 2006.

21. A Performance-Based Coaching Instruction Memorandum from Ms. April Marchese to Plaintiff was issued on May 31, 2006. At this point in time, Plaintiff was on documented LWOP. Agency leave and pay records and correspondence with the human resources department clearly demonstrate that the Plaintiff was on LWOP. No Performance-Based Coaching Instruction Memorandum was produced by FHWA prior to the Plaintiff's use of his EEO protected rights.

22. A Written Reprimand from Ms. April Marchese to Plaintiff was issued on June 16, 2006. At this point in time, Plaintiff was on documented LWOP. No Written Reprimand was produced by FHWA prior to the Plaintiff's use of his EEO protected rights.

23. On or about May 1, 2007, Plaintiff was listed as a witness on behalf of a fellow employee of the agency in that employee's EEOC administrative hearing.

24. Later, on May 8, 2007, in a letter from Ms. Marchese, the agency proposed that Plaintiff be removed from his position of Environmental Health Scientist, Position Description Number GS-0601, FHWA, Office of Natural and Human Environment, and from the federal service.

25. On November 14, 2007, in a letter from Gloria M. Shepherd, Associate Administrator for Planning, Environment, and Reality, issued a Final Decision upholding Plaintiff's removal from the federal service, effective November 26, 2007.

CLAIMS

26. All of the allegations contained in paragraphs 1-25 are incorporated herein as if set forth verbatim.

27. The agency's failure to offer the Plaintiff a reasonable accommodation, in the face of his numerous requests, and despite its receipt of the requisite medical information, constitutes discrimination based on disability, in violation of the Rehabilitation Act of 1973.

28. The agency also is liable under the Act because it regarded Plaintiff as disabled, by, among other things, permitted him to be on LWOP for nearly one year, and failed to offer him a reasonable accommodation. Agency management initiated the process by which the Plaintiff was granted LWOP by reviewing his medical condition and disabilities with him, noting the limitations that they posed for the Plaintiff, and provided the Plaintiff with both flexible LWOP and the continuous LWOP for at least 365 consecutive days.

29. Issuance of a Performance-Based Coaching Instruction Memorandum on May 31, 2006, a Written Reprimand on June 16, 2006, as well as the proposed and final removal from federal service, constitute acts of reprisal, as well as discrimination based on disability directed at Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this case.

2. Grant Plaintiff a trial by jury on all issues so triable.

3. Declare that Plaintiff has suffered acts of discrimination at the hands of Defendant based on his disability, as well as reprisal.

4. Restoration to his position as Environmental Health Scientist, FHWA, along with back pay to the date when the agency placed Plaintiff on LWOP rather than accommodating

his disability.

5.  Removal from Plaintiff's permanent record of all adverse actions, including Proposed and Final Removal, the Leave Memorandum (May 31, 2006); and Written Reprimand (June 16, 2006).

6.  Compensatory and punitive damages for intentional discrimination under the Civil Rights Act of 1991.

7.  Reimbursement of all reasonable attorneys' fees.

8.  All other relief to which Plaintiff may be entitled.

                                      Respectfully submitted,

                                      _____
                                      Larry J. Stein, Bar No. 397397
                                      2009 N. Fourteenth Street, Suite 708
                                      Arlington, VA 22201
                                      703/812-7880
                                      703/424-7670 (facsimile)
                                      Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David A. Belluck | Mary E. Peters, Secretary of Transportation |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Stutsman  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  Larry J. Stein, 2009 N. 14th Street, Suite 708, Arlington, Virginia 22201 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1. U.S. Government Plaintiff
○ 3. Federal Question (U.S. Government Not a Party)
● 2. U.S. Government Defendant
○ 4. Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ◉ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. 701 et seq., Rehabilitation Act of 1973. This is an appeal from a Final Agency Decision denying plaintiff's claims of discrimination.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 200,000  JURY DEMAND: YES ☒ NO ☐
Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/11/08    SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.