UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID BELLUCK, ) | |
| ) | Civil Action No.: 08-237 (RWR) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARY E. PETERS, Secretary, ) | |
| Department of Transportation ) | |
| . ) | |
| ) | |

**DEFENDANT'S ANSWER**

COMES NOW the Defendant, Mary E. Peters, Secretary of Transportation, U.S. Department of Transportation, by and through the United States Attorney for the District of Columbia, and hereby answers and otherwise responds to the Complaint against it.

FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

SECOND DEFENSE

Plaintiff failed to exhaust his administrative remedies.

THIRD DEFENSE

Plaintiff failed to mitigate damages.

FOURTH DEFENSE

Should Plaintiff recover damages for medical expenses, the United States is entitled to an offset to reimburse it for all government benefits paid to Plaintiff.

1

Mary E. Peters, Secretary of Transportation, U.S. Department of Transportation, responds as follows to the allegations set forth in the numbered paragraphs of Plaintiff's Complaint:

1. Paragraph 1 contains plaintiff's legal conclusions to which no answer is required, but to the extent one is deemed necessary, denied.

2. Paragraph 2 contains Plaintiff's averment as to jurisdiction that is a legal opinion to which no response is required, but to the extent a response is required, jurisdiction is admitted as to the Defendant.

3. Admitted that Plaintiff filed EEO complaint number 2006-20587-FHWA-02 and filed his Complaint within 90 days of his receipt of the Final Agency Decision; however, Plaintiff did not exhaust his administrative remedies before the Equal Employment Opportunity Commission ("EEOC").

4. Paragraph 4 contains Plaintiff's averment as to venue that is a legal opinion, to which no response is required, but to the extent a response is required, venue is admitted as to Defendant.

5. The allegations in paragraph 5 are admitted to the extent supported by the official personnel file.

6. Admitted to the extent that in response to notes received from some of Plaintiff's physicians, Mr. Savonis and Ms. Marchese each made at least one telephone call to one of Plaintiff's physicians, and that Plaintiff claimed to be suffering from: cyclothymic disorder; acute stress disorder; posttraumatic stress disorder; Epstein Barr virus; and mycoplasma infection. The remaining allegations of this paragraph are denied.

7. Admitted to the extent that Plaintiff requested accommodation more than once.

8. Admitted to the extent that Plaintiff told Ms. Marchese he was ill. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 8.

9. Admitted that Ms. Marchese received an e-mail message from Plaintiff on April 25, 2006, which stated in part, ". . . [w]hat is in the doctor's notes you received about my health status you do not understand? . . . ." The rest of Plaintiff's paragraph 9 contains characterizations, speculations, conclusions, and innuendo, which are denied.

10. Admitted.

11. Admitted to the extent that the letter was received by the Agency on or about June 8, 2007.

12. Admitted.

13. Denied.

14. Admitted.

15. Admitted to the extent that Plaintiff requested forms that Ms. Marchese denied existed. The Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15.

16. Admitted to the extent that Plaintiff requested teleworking, a change in supervisor, a detail to the Department of Defense, a laptop computer, and a telephone "calling card." Neither Mr. Savonis nor Ms. Marchese recall Plaintiff requesting a reduced work schedule. Denied that all of Plaintiff's requests for accommodations were denied. The remaining allegations of paragraph 16 are

legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied.

17. Admitted to the extent that Plaintiff received a "Notice of Change in Health Benefits Enrollment" form stating "365 days in LWOP status." Denied that Plaintiff was in LWOP status for "approximately one year." The remaining allegations of paragraph 17 are legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied.

18. The allegations in paragraph 18 are legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied.

19. Defendant is without sufficient information to admit or deny the allegation in paragraph 19.

20. Admitted.

21. Admitted that Plaintiff was issued a Performance-Based Coaching Instruction on May 31, 2006 by Ms. Marchese. Denied that Plaintiff was on LWOP. The remainder of paragraph 21 is a legal conclusion to which no answer is required, but to the extent one is deemed necessary, the allegation is denied.

22. Admitted that the Plaintiff was issued a Written Reprimand on June 16, 2006 by Ms. Marchese. Denied that Plaintiff was on LWOP. The remainder of paragraph 22 is a legal conclusion to which no answer is required, but to the extent one is deemed necessary, the allegation is denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. No response is required to paragraph 26.

27. The allegations in paragraph 27 are legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied.

28. The allegations in paragraph 28 are legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied.

29. The allegations in paragraph 29 are legal conclusions to which no answer is required, but to the extent one is deemed necessary, the allegations are denied. Any averment not heretofore answered is specifically denied.

                Respectfully submitted,

                \_\_\_/s\_/_____  
                JEFFREY A. TAYLOR, D.C. BAR #498610  
                United States Attorney

                \_\_/s/_____  
                RUDOLPH CONTRERAS, D.C. BAR #434122  
                Assistant United States Attorney

                \_\_/s/_____  
                ALEXANDER D. SHOAIBI, D.C. BAR #423587  
                Assistant United States Attorney  
                501 Third Street, N.W., Rm E-4218  
                Washington, D.C.  20530  
                (202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing Defendant's Answer were served upon plaintiff's counsel on this 28th day of August, 2008 through the ECF system.

                                                /s/
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236